Filed 12/30/14  P. v. Classon CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B258443 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. LA075216) |
| v. | |
| MICHAEL CLASSON, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County. Thomas Rubinson, Judge.  Affirmed.

_____

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

An information, filed on December 20, 2013, charged Michael Classon with one count of possession of a controlled substance, methamphetamine, in violation of Health and Safety Code section 11377, subdivision (a). According to the evidence at trial, on August 17, 2013, Los Angeles Police Department Officer Russell Pungrchar was on patrol with his partner in a marked car. A man, identified as Classon, walked across the street in front of the car, not at the nearby intersection. Classon moved at "a pretty quick pace," and Officer Pungrchar believed it "odd" that Classon had crossed the street in front of the car. Classon was wearing shorts but no shirt and had tattoos covering his chest and back. The officers stopped Classon, and Officer Pungrchar's partner conducted an investigation to determine whether Classon was under the influence, as well as a search of his person. Officer Puncgrchar saw his partner retrieve from the front, left pocket of Classon's shorts a white, plastic pill bottle containing a crystal-powder substance. The substance was determined to be 3.80 grams of methamphetamine. Classon testified in his defense that he had never seen the pill bottle, he had nothing in the pockets of his shorts, he was not under the influence when stopped by the officers and he had never seen methamphetamine.

The jury found Classon guilty of the charged offense. The trial court suspended imposition of sentence and placed Classon on formal probation for three years under the terms and condition of Proposition 36. Classon timely appealed.

We appointed counsel to represent Classon in the matter. After examining the record, counsel filed a *Wende* brief raising no issues on appeal and requesting that we independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436.) On October 16, 2014, we sent a letter to Classon at his last known address of record in this Court and to counsel. In the letter, we directed counsel to immediately send the record on this appeal and a copy of the *Wende* brief to Classon and informed Classon that he had 30 days to submit by letter or brief any ground of appeal, contention or argument he wished us to consider. Our letter sent to Classon's address was returned as undeliverable. According to counsel, he attempted to reach Classon by letter at two other addresses, but

2

both of those letters were returned as undeliverable.  Classon has not provided us with any update to his address of record or contacted us in connection with the appeal.

We have reviewed the entire record on appeal.  The evidence presented by the People at trial is sufficient to support Classon's conviction.  (See *People v. Johnson* (1980) 26 Cal.3d 557, 578.)  We are satisfied that Classon's counsel has fully complied with his responsibilities and that no arguable appellate issue exists.  (*People v. Wende*, *supra*, 25 Cal.3d at p. 441; *People v. Kelly* (2006) 40 Cal.4th 106, 110.)

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.

ROTHSCHILD, P. J.

We concur:

CHANEY, J.

BENDIX, J.[*]

---

[*] Judge of the Los Angeles Superior Court, Assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.